(No. 32862.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* NEWMAN COMMUNITY UNIT SCHOOL DISTRICT NO. 303 *et al.,* Appellants.

*Opinion filed November 18, 1953.*

C. E. TATE, of Champaign, for appellants.

JOHN J. BRESEE, State's Attorney, of Urbana, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This is an appeal from a judgment of ouster entered by the circuit court of Champaign County in a *quo warranto* proceeding instituted upon behalf of the People, as plaintiff, against Newman Community Unit School District No. 303 and against the individual members of the board of education and officers of such district, defendants. The appeal is directed to this court since a franchise is involved.

This action in *quo warranto* challenged the legality of the defendant school district in so far as it pertained to certain disputed territory and the right of the individual defendants as board members to exercise authority over same.

A petition signed by legal voters of a certain territory, which included the disputed territory, was filed with the county superintendent of schools of Champaign County on May 20, 1952, for the purpose of organizing a community unit school district. The territory described in the petition was located in Champaign, Douglas, Edgar and Vermilion counties.

On June 4, 1952, while the Champaign County petition was pending, a petition was filed by the residents of the disputed territory with the county superintendent of schools of Douglas County requesting that an election be called to annex such disputed territory to Newman Community Unit School District No. 303 of Douglas and Edgar Counties, Illinois.

Each county superintendent proceeded under the applicable provisions of the School Code, and since the statutory requirements for the formation of a community unit district consume more time than those for an annexation, the latter was concluded first. The annexation referendum was held on June 24, 1952, and carried. On June 27, 1952, the annexation proceeding was concluded by the filing of maps in the county clerks' offices. The organization election

was held on September 20, 1952, which resulted in a favorable vote, and on September 26, 1952, the maps, certificates and other documents relative thereto were filed. The district so organized was designated Community Unit School District No. 6, Champaign, Douglas, Edgar and Vermilion counties, Illinois.

The first contention of plaintiff is that the organization petition had priority since it was the first of successive petitions and that the proceedings under the annexation petition should have been held in abeyance until it should have been determined whether the first petition was successful. Defendants take the position that the county superintendent of Douglas County had no discretion but to proceed according to the statute under the only petition before him and, all statutory requirements having been met and the annexation concluded prior to the organization of the new district, that the disputed territory was legally annexed to and became a part of district No. 303.

There is no dispute as to the facts, as the record consists of the pleadings, documentary evidence and stipulations. It appears therefrom that Newman Community Unit District No. 303 was a legally organized community unit school district, that prior to the annexation in question all of its territory was located in Douglas and Edgar counties, that the members of its board of education were legally elected and that it officers were duly chosen. It further appears that each and every step in the annexation proceeding followed the provisions of the statute as it then existed relative to annexations to community unit school districts.

The sole question then involved is whether the prior filing in another county of a petition for the organization of a community unit district prevents the annexation of a part of the territory to another school district during the pendency of the organization proceedings.

A similar question arose in Wayne County and was reviewed by this court in *People ex rel. Simpson* v. *Funk-*

*houser,* 385 Ill. 396, and *People ex rel. Mills* v. *Fairfield Community High School Dist.* 397 Ill. 233. There, a petition was filed to organize a community high school district on January 2, 1941, which resulted in an election favorable to such organization on January 18, 1941. On January 17, 1941, a petition to annex a part of the territory described in the organization petition to Community High School District No. 229 was filed. The latter petition was acted upon by the county superintendent of schools the same day, a map was filed and the territory was declared annexed. The question of jurisdiction over the disputed territory was specifically eliminated in the *Funkhouser case* and the question was limited to whether the organization of the new district was legal. It was there held that the organization was legal despite the attempted annexation under a subsequently filed petition.

The *Fairfield case* arose out of the same annexation and organization proceedings. In that case the *quo warranto* action was against the annexing district, questioning its jurisdiction over the annexed territory. The trial court, which held for the defendants, was reversed and the cause was remanded with directions to enter a judgment of ouster.

While the type of district is different in the case now before us, the same principles apply unless the provisions of the School Code relative to the formation of and annexation to community unit districts do away with the seeming inconsistency of permitting an organization and annexation proceeding involving part of the same territory to be conducted at the same time. Section 14 of article 8 of the School Code (Ill. Rev. Stat. 1951, chap. 122, par. 8-14,) provides that when a petition for annexation is filed with the county superintendent of schools he shall call an election to be held within thirty days and, if the vote be favorable, he shall within ten days thereafter file a map in the county clerk's office showing the new boundaries of the districts. To organize a community unit district, section 9

of article 8 (Ill. Rev. Stat. 1951, chap. 122, par. 8-9,) requires that a county superintendent shall, after publishing notice thereof, conduct a hearing thereon and give a decision granting or denying the petition. If it be granted, he shall then call an election to be held at least forty days thereafter to vote upon the proposition of establishing such a district and, if the vote is favorable, section 13 of article 8 provides that he shall within thirty days file a map of the territory so organized. Each of the sections referred to is mandatory and neither makes any provision for the prior filing of a petition involving part or all of the same territory.

It will thus be noted that there is no substantial difference between the two sections here involved and the organization and annexing provisions of the Community High School Act passed upon in the *Funkhouser* and *Fairfield cases*. We there held that the annexation and organization sections must be construed together in light of the general purpose and object of the act and in such a way as to effectuate the intent of the legislature and permit the practical applications of both sections, and that the organization petition, which was filed first, must be first acted upon. There are two factual differences which merit consideration. In the *Funkhouser* and *Fairfield cases* the county superintendent could have waited until after the organization election before filing a map reflecting the annexation change, while in the case at bar the time for filing would have expired before the organization election. Also, in those cases both petitions were addressed to and filed with the same county superintendent while here the organization petition was properly, under the statute, filed with a different county superintendent than the one with whom the annexation petition was filed.

The reasons for our decision in the *Funkhouser case* apply here despite the time element. By a series of legislation over the past decade the legislature has attempted to promote and foster larger, stronger and economically sound

school districts through consolidations and mergers of territory, to the end that the educational facilities of the children of the State will be bettered. It is obvious that it was not the intention of the legislature to permit a series of detachments of territory while an organization was pending and thereby defeat the purpose of the legislation that it was fostering. We have held that a proper petition is one which does not include within the territory described any territory in another petition already on file. *People ex rel. Pfeiffer v. Morris,* 365 Ill. 470.

The fact that the petitions were filed in the offices of county superintendents of schools of different counties offers no serious challenge to plaintiff's position. The legislature by various enactments making up the School Code has provided for the formation of school districts without regard to county lines. The several county superintendents are cognizant of territorial lines of the school districts which come within their jurisdiction. Under our elaborate system of communications it works no hardship upon a county superintendent to ascertain from the superintendent of any contiguous county whether a petition is pending involving any territory described in a petition filed with him. It was incumbent upon the superintendent of schools of Douglas County to make inquiry of his fellow county superintendent as to the status of the territory before proceeding with the petition before him.

Defendants rely heavily upon *People ex rel. Boyington v. Northfield Township High School Dist.* 402 Ill. 435. We do not regard that case as authority here since it turned upon an entirely different point. In fact, the *Funkhouser* and *Fairfield cases* were discussed and held not to be applicable because of entirely different factual situations which did not involve section 10-6 of the School Code.

The second contention made is that the organization of Community Unit District No. 6, Champaign County, was invalid for lack of a sufficient number of petitioners and

therefore no objection could be made to the annexation procedure. This defense was not affirmatively raised by the answer but was introduced by the defendants upon the theory that plaintiff's reply, which contained general allegations of the organization of district No. 6, opened up that question for consideration. It is conceded that the appropriate procedure to organize district No. 6 was followed, that the county superintendent had declared, under a certificate filed in the county clerk's office, that the district was duly organized, that it was in operation and that its officers had exercised the powers of a legally organized district, including the levy of taxes. Furthermore, there was a valid law under which such district could have been organized. A *de facto* district at least, if not a *de jure* district, was thus created.

We find no error, and the judgment of the circuit court is, therefore, affirmed.

*Judgment affirmed.*