MARGARET E. THOMPSON, Plaintiff-Appellant, *v.* COUNTY BOARD OF SCHOOL TRUSTEES OF DUPAGE COUNTY, *et al.,* Defendant-Appellees.

(No. 70-80;

Second District—December 18, 1970.

Margaret E. Thompson, *pro se.*

William V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr. and A. E. Botti, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The plaintiff appeals from orders of the Circuit Court of DuPage County that dismissed her complaint and amended complaint for administrative review of certain decisions of the DuPage County Board of School Trustees on the grounds that she did not have standing to bring suit.

Community High School District Number 107 (Naperville) and Community High School District Number 99 (Downers Grove) had filed a joint petition to detach certain territory from District 107 and annex it to District 99 pursuant to Article 7 of the School Code. After a hearing on the petition, the Board of School Trustees directed the County Super-

intendent to enter an order to deny the joint petition on July 7, 1969. On August 14, 1969, the Board entered a further order to permit a rehearing on the petition and, although the record is not clear on this point, it appears that the petition was then granted. It is agreed that both orders are deemed final administrative decisions as defined by Section 1 of the Administrative Review Act (Ill. Rev. Stat. 1969, ch. 110, par. 264) and subject to review.

The amended complaint was brought by the plaintiff as an "objector" at the public hearings and as a resident of an adjacent district that would be affected by the decision. It is alleged that the joint petition had been filed pursuant to a recommendation made by a group called the "South DuPage County Boundary Study Steering Committee" and was but a part of a comprehensive plan to change the boundaries of all school districts in southern DuPage County. The amended complaint further alleged

"That on information and belief the agreed on boundary changes made commitments affecting the taxing ability, the bonded indebtedness, the equality of monies expended on education per pupil, zoning, town or village boundaries and real estate taxes in both School District Number 53, Butler, and School District Number 86, Hinsdale Township High School wherein plaintiff resides."

The amended complaint sought an administrative review of the decisions of the Board and a finding that certain sections of the School Code are unconstitutional. The case was originally brought directly to the Supreme Court but was transferred to this Court with a ruling that no constitutional questions were involved.

Section 7—7 of the School Code (Ill. Rev. Stat. 1969, ch. 122, par. 7—7) provides for the review of final administrative decisions of the board of school trustees as follows:

"The decision of the county board of school trustees shall be deemed an "administrative decision" as defined in Section 1 of the "Administrative Review Act" and any resident who appears at the hearing or any petitioner or board of education of any district affected may within 35 days after a copy of the decision sought to be reviewed was served by registered mail upon the party thereby apply for a review of such decision in accordance with the "Administrative Review Act", and all amendments and modifications thereof and the rules adopted pursuant thereto *  *  *."

■■ The right to administrative review is "limited and circumscribed by the statute or statutes authorizing such review." *Stirniman v. County Board of School Trustees*, 26 Ill.App.2d 245, 249.

The record does establish that the plaintiff did personally appear at

the hearings before the Board and voice her objections to the proposed boundary changes and the procedures followed by the school authorities. It also appears that a certified copy of the decision of July 7 was furnished the plaintiff by registered mail and that notice was given to her of the order for a rehearing. The pleadings also establish, as we have seen, that the plaintiff was not a resident of either District 107 or 99 but that she was a resident of District 86 at the time the decision was rendered.

The appellee contends that Section 7—7 limits the right of review of a decision involving a boundary change to a petitioner, a board of education of an affected district, or a resident of the territory directly involved in the change of boundaries. Section 7—6 provides, however, that at the hearing held pursuant to a petition for a change of boundaries "*  *  * any resident of the territory described in the petition or any resident in any district affected by the change of boundaries may appear  *  *  *" and object to the petition and offer evidence in support of the objections. (Ill. Rev. Stat. 1969, ch. 122, par. 7-6.) It would be inconsistent to permit a resident of an affected district to object at a hearing and offer evidence and then to preclude his right to a judicial review of the ultimate decision.

■■■ However, the amended complaint before us utterly fails to establish that the decisions of July 7 or August 14 in any way affected the districts in which the plaintiff resides. The allegations that the proceedings of the "Boundary Study Steering Committee" included "the intent of detaching further territory from school district 86 and possibly from school district 53 causing tax losses to both district  *  *  *" are far too vague and conjectural to establish the right to bring this suit. Actions brought under the Administrative Act are subject to the provisions of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 277) and are subject to be stricken if they fail to establish a cause of action.

■■■ It also appears that the plaintiff has failed to join all the necessary parties as required by section 271 of the Administrative Review Act (Ill. Rev. Stat. 1969, ch. 110, par. 271.) Those requirements are mandatory and the failure to join all parties "of record to the proceedings before the administrative agency  *  *  *" would of itself have been grounds for dismissal of the complaint. *Babington v. County Board of School Trustees,* 7 Ill.App.2d 193, 194.

For the reasons stated, the order of dismissal entered by the trial court was proper and will be affirmed.

Judgment affirmed.

MORAN and SEIDENFELD, JJ., concur.