AUGUST TRIPI, d/b/a A. J. Products Company, Plaintiff-Appellee, v. SI-
GURD LANDON, Defendant-Appellant.

First District (5th Division)   No. 84—3013

Opinion filed January 10, 1986.

Paul E. Peldyak, of Chicago, for appellant.

John H. Anderson, of Oak Lawn, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Defendant Sigurd Landon appeals from a judgment order against him for $4,057.22 and costs obtained by plaintiff August Tripi following a bench trial on plaintiff's suit to recover the cost of goods sold to the defendant. On appeal defendant contends (1) the action should have been barred by the Statute of Frauds; (2) defendant's motion for summary judgment should have been granted; (3) the evidence did not support the judgment against him, and (4) the default judgment obtained against a codefendant, Earl Gabrielson, was contradictory.

We affirm.

The following pertinent testimony was adduced at trial.

The plaintiff, August Tripi, testified that in his 20-year-old home-based business, A. J. Products Company, he sold parts to car dealers and trucking companies. For the past nine years he had been doing business with the defendant, known to him only as Mr. Landon. Defendant's business, a cartage company, was known to plaintiff as F. Landon Cartage, and subsequently as F. Landon Leasing. Plaintiff testified that he was never advised that he was dealing with a corporation. The defendant's trucks only bore the name "F. Landon Cartage."

According to the plaintiff the defendant's business was initially at 1000 West Monroe in Chicago. At that location, the defendant had told him he should obtain orders from defendant's head mechanic, known to plaintiff as Gene. Plaintiff followed this practice there. When defendant moved his business to 2114 South May Street, defendant told the plaintiff that orders would be placed by Earl Gabrielson, apparently defendant's new head mechanic. In October and November of 1982 the plaintiff made deliveries of three sets of goods ordered by Earl Gabrielson. Plaintiff personally delivered these goods to defendant's May Street business, where he observed trucks with "F. Landon Cartage" on them. Plaintiff denied that defendant ever instructed him not to accept orders from Gabrielson.

Plaintiff mailed invoices totalling $4,057.22 to the defendant for those three orders, but defendant never paid them. In December 1982 he telephoned the defendant and asked for a meeting so he could obtain payment. Defendant gave him a time and place where they could "work out the money situation" but then never appeared at the time

specified. In that telephone conversation the defendant did not deny receiving the goods, nor did he say he would not pay for them.

Louis Bajick testified that between May and November of 1982 he had assisted the plaintiff with deliveries to defendant's business. There the only names he had seen on trucks were "F. Landon" and "F. Landon Cartage."

Defendant testified that he was retired at the time of trial but had been an officer and director of five Landon corporations: F. Landon Cartage Company, F. Landon Trucking Company, Landon Truck Leasing Company (subsequently renamed Landon Interstate Limited), and Landon Truck Leasing Limited, a Wisconsin corporation. Defendant testified that F. Landon was his grandfather. He denied ever hearing of "F. Landon Cartage" or "F. Landon Leasing."

Defendant denied dealing with the plaintiff in anything but his capacity as a corporate agent. He also denied ever operating a trucking company as an individual or a sole proprietor.

Defendant testified that he was unaware of any communications from the plaintiff from May to December of 1982. The Landon businesses ceased operating at the May Street location in April 1982 because of a union strike. They vacated the premises on May 30, 1982, and never returned to that location.

Defendant testified further that Earl Gabrielson, although on the payroll, was not considered an employee for "paperwork purposes." Gabrielson would supply them with tools and would repair their trucks, receiving payment based on invoices he submitted. Defendant stated that Gabrielson had no authority to order parts or equipment on behalf of the Landon businesses. However, he also admitted that when necessary Gabrielson would be given a check and would then buy parts for them. He further conceded that plaintiff might have been paid in the past by the Landon businesses for items purchased by Gabrielson. Defendant also stated that in April 1982 he told the plaintiff that Gabrielson had no authority to place orders, and plaintiff would need written authority from the defendant for any further orders.

Defendant recalled that Earl Gabrielson ceased working for the Landon businesses after May 1982. The defendant's last conversation with the plaintiff had been in April 1982, when they settled a billing dispute for $1,000, paid with a check drawn on Landon Truck Leasing, Ltd., but signed by Sigurd Landon without any corporate title or designation by his name.

Defendant denied that he or the Landon businesses had ever received any invoices from the plaintiff for goods delivered in October

or November of 1982. He also denied having a phone conversation with the plaintiff concerning these bills.

Lori Callahan, formerly a dispatcher with F. Landon Cartage Company, testified that the May Street offices were closed in May 1982. She did not recall seeing any invoices from the plaintiff. However, she also stated that it was not her duty to pick up or open the mail and she had only received some of the company mail.

Joseph Powell, an operations manager for Jansen Transfer, formerly located at the same May Street address, testified that the only Landon business he was aware of there was Landon Cartage. This was also the only name he saw on the equipment. Powell testified that after the Landon company moved out he did not see any of their equipment or employees. However Earl Gabrielson continued to work there as a self-employed truck repairer for eight months.

A former Landon truck driver, Phil Santore, testified that he completed moving Landon's equipment out of the May Street address on the last day of May 1982. He did not know if any Landon trucks remained there but he did testify that spare parts, tools, and truck repairing equipment was left there.

The court in its findings clearly indicated that it found the testimony of the defendant and his witnesses to be incredible. It found for the plaintiff, entering judgment in the amount of $4,057.22 plus costs against the defendant, and on the basis of a default judgment against the other named defendants, Sigurd Landon, d/b/a Landon Interstate, Ltd., an Illinois corporation, Sigurd Landon, d/b/a Landon Leasing, and Earl Gabrielson. All those judgments were entered jointly and severally against all the defendants.

OPINION

■ On appeal, defendant first contends that this action should have been barred by the Statute of Frauds. Although defendant initially raised the issue in his answer to plaintiff's amended complaint, he subsequently filed superceding answers to plaintiff's second amended complaint, omitting any mention of the Statute of Frauds. No subsequent attempt was made in the trial court to raise the issue or to specifically adduce evidence concerning it and defendant has clearly waived the issue. *O'Hare International Bank v. Feddeler* (1973), 16 Ill. App. 3d 35, 305 N.E.2d 325.

■ In his briefs before this court, defendant has presented over five pages of argument concerning the propriety of the trial court's denial of his motion for summary judgment. Although the plaintiff has chosen to contest this issue on its merits, we would only note that a

denial of summary judgment is not appealable, that determination being deemed to merge into the trial itself. *Home Indemnity Co. v. Reynolds & Co.* (1963), 38 Ill. App. 2d 358, 187 N.E.2d 274; *Banwart v. Okesson* (1980), 83 Ill. App. 3d 222, 403 N.E.2d 1234.

We next consider defendant's contentions concerning the trial court's findings at the close of trial. Defendant asserts that the court improperly found him liable based upon an alter ego theory of liability never advanced by the plaintiff in his pleadings. We find that defendant has misconstrued the trial court's finding. The court expressly held that in this cause defendant held himself out and did business as Landon Cartage, no corporate entity. Thus the court found that defendant was doing business as an individual when he ordered goods through his agent from the plaintiff. We therefore need not consider the sufficiency of the evidence to support a corporate alter ego theory of liability. We also need not consider whether the evidence below sufficed to establish the existence of the various corporations of which defendant claimed to be an officer.

The trial court found that the defendant, doing business as Landon Cartage, an unincorporated entity, had, through his agent, Earl Gabrielson, ordered and obtained delivery of three shipments of goods from the plaintiff. We must determine whether these findings were contrary to the manifest weight of the evidence. (*Frankenthal v. Grand Trunk Western R.R. Co.* (1983), 120 Ill. App. 3d 409, 458 N.E.2d 530.) The plaintiff testified that in nine years of doing business with the defendant, known to him only as Mr. Landon, he had never been advised by the defendant or anyone else that he was dealing with a corporation. The only business name he saw on defendant's truck was "F. Landon Cartage." The defendant had instructed the plaintiff that orders would be placed by defendant's head mechanic, Earl Gabrielson. In October and November plaintiff delivered three orders to defendant's place of business pursuant to orders placed by Earl Gabrielson. On all three occasions there were trucks present with the name "F. Landon Cartage" on them. Plaintiff denied that defendant ever told him the business had moved or that he should no longer accept orders from Earl Gabrielson. Although the plaintiff sent invoices to the defendant, he was never paid for the merchandise.

The defendant denied ever hearing of a business called F. Landon Cartage, although his own witness, an employee of another business on the premises, testified that the only name he saw on the equipment was "Landon Cartage." Defendant denied that Earl Gabrielson had authority to order parts for the Landon Corporation. However, defendant also testified that when necessary Gabrielson would be

given money to purchase parts. Defendant further testified that in April 1982 he told the plaintiff that Gabrielson had no authority to place orders, thus apparently countermanding authority he claimed never to have given. As we have noted, plaintiff denied ever being told this.

██ The existence of a principal-agent relationship between the defendant and Earl Gabrielson was a question for the court as fact-finder to determine. (*Swartzberg v. Dresner* (1982), 107 Ill. App. 3d 318, 437 N.E.2d 860.) The trial court clearly resolved this and other credibility questions arising from the testimony in favor of the plaintiff. We do not find the court's determination to have been palpably erroneous or wholly unwarranted and we will not disturb that determination on appeal. *Kern v. Uregas Service of West Frankfort, Inc.* (1979), 90 Ill. App. 3d 182, 412 N.E.2d 1037.

██ Defendant's final contention is that there is an inherent contradiction in the court's finding that defendant and Earl Gabrielson were jointly and severally liable to the plaintiff. The judgments against all the named defendants except Sigurd Landon were by default. None of those defaulted parties has appealed from that order, and we find no basis for considering an attack by the defendant Sigurd Landon on the judgments against his codefendants.

The judgment of the trial court is affirmed.

Affirmed.

SULLIVAN, P.J., and PINCHAM, J., concur.