THE BOARD OF EDUCATION OF CENTER CASS SCHOOL DISTRICT NO. 66, Plaintiff-Appellant, v. TED SANDERS, State Superintendent of Education, *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 86—2929

Opinion filed September 22, 1987.

724

Anthony G. Scariano, Justin D. Petrarca, and Raymond A. Hauser, all of Scariano, Kula, Ellch & Himes, Chartered, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Rita M. Novak, Assistant Attorney General, of Chicago, of counsel), for appellee Ted Sanders.

James P. Bartley and Bruce C. Mackey, both of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellee Board of Education of Lemont Community Consolidated School District No. 113.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, board of education of Center Cass School District No. 66, Du Page County (Cass board), appeals dismissal of its administrative review complaint by the circuit court of Cook County for lack of standing. This court is asked to review whether: (1) plaintiff has standing as a "district affected" to challenge the State Superintendent's approval of a petition for combining two school districts when plaintiff was not a party to the public hearings conducted by the subject regional superintendent or the review conducted by the State Superintendent; and (2) plaintiff should have been granted leave to intervene in the proceedings before the State Superintendent in his review of the Cook County regional matter.

On December 14, 1985, a petition to combine the territory comprising Lemont Community Consolidated School District No. 113, Cook County (Lemont board) and Bromberek School District No. 65, Du Page County (Bromberek board) (Lemont-Bromberek petition) was filed with Richard J. Martwick, regional superintendent of the Educa-

tional Service Region for Cook County (Cook County superintendent). On February 10, 1986, a petition was filed with Berardo DeSimone, regional superintendent of the Educational Service Region for Du Page County (Du Page County superintendent) seeking to combine the territory comprising Cass board with Bromberek board (Cass-Bromberek petition). On April 17, 1986, a second petition to combine Cass board and Bromberek board was filed and the preceding petition was dismissed. All petitions were filed under article 11B of the Illinois School Code (Ill. Rev. Stat. 1985, ch. 122, par. 11B—1 *et seq.*) (School Code), which sets forth the procedure for combining school districts.

Forming a combined district requires conformity with the following procedures: a petition must be filed by the school boards of each district affected or by 10% of the legal voters of such districts; evidentiary hearings must be conducted by the superintendent of the region in which the greater portion of the territory to be combined is situated; the evidence to be heard must relate to the school needs and conditions in the territory which is proposed to form the intended combined district; approval or denial of the petition by the regional superintendent is subject to the State Superintendent's review under criteria provided by the School Code; and, if approved by him or her, the voters of the proposed combined district must ratify its creation at a referendum election absent further review. (Ill. Rev. Stat. 1985, ch. 122, pars. 11B—2, 11B—3, 11B—7.) The State Superintendent's order is deemed an "administrative decision" subject to judicial review under the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) and may be sought by "any resident who appears at the hearing or any petitioner or board of education of any district affected." Ill. Rev. Stat. 1985, ch. 122, par. 11B—4.

From February 17, 1986, through April 10, 1986, the Cook County superintendent conducted hearings on the Lemont-Bromberek petition. The Cass board made no attempt to participate in these proceedings or to object to them. On April 22, 1986, the Cook County superintendent approved the Lemont-Bromberek petition and forwarded his order, the petition and the evidence heard by him to the State Superintendent for review.

Apparently, Case board thereafter sought to enjoin defendant Illinois State Superintendent Ted Sanders from considering the Lemont-Bromberek petition without concurrently considering the Cass-Bromberek petition. The circuit court of Cook County denied that relief.

Superintendent Sanders issued his decision approving the Lemont-Bromberek petition on May 22, 1986. On May 23, 1986, Cass board filed a petition to intervene with the State Superintendent, alleging

that the same or similar issues of fact and law were involved in the two petitions. Parenthetically, the hearings before the Du Page County superintendent were still proceeding at that time. On May 27, 1986, the State Superintendent declined to act on the petition to intervene, stating that: neither section 11B—3 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 11B—3) nor any other statute permitted him to consider a petition to intervene filed as a supplement to a local hearing conducted by the regional superintendent; and he was limited to reviewing the record of the proceedings held by the regional superintendent.

Meanwhile, the Du Page County superintendent had been holding hearings on the Cass-Bromberek petition from May 13, 1986, through June 26, 1986. On June 30, 1986, he issued an order denying two motions to dismiss the Cass-Bromberek petition, filed by Bromberek board and a resident of Bromberek District, and approving the Cass-Bromberek petition.

That same day, June 30, 1986, plaintiff Cass board, in Cook County, filed a two-count complaint for administrative review of the State Superintendent's declination to act on Cass board's petition to intervene before him and of his approval of the Lemont-Bromberek petition. The complaint alleged that the State Superintendent's decision was incorrect and the proceedings before the Cook County superintendent were invalid. On July 30, 1986, the State Superintendent also approved the Cass-Bromberek petition.

Bromberek board has filed a complaint in Cook County for administrative review of the approval by the State Superintendent of the Lemont-Bromberek petition. Lemont board has filed a complaint in Du Page County for administrative review of the approval by the State Superintendent of the Cass-Bromberek petition. These latter proceedings apparently are still pending.

On September 5, 1986, Lemont board moved to dismiss the present administrative review complaint filed in Cook County by Cass board on June 30, 1986, alleging that Cass board lacked standing under section 11B—4 of the School Code. (Ill. Rev. Stat. 1985, ch. 122, par. 11B—4.) At a hearing on September 23, 1986, the State Superintendent orally joined the motion to dismiss. The circuit court of Cook County held that Cass board lacked standing since it had not appeared before the Cook County superintendent nor had it filed its own petition; further, seeking to intervene with the State Superintendent did not confer standing. The court dismissed the complaint in an order dated September 23, 1986, and found no just reason to delay appeal. Plaintiff Cass board appeals.

## I

Plaintiff initially moves to strike an argument by defendant Lemont board that the doctrine of "first in time is first in right" should invalidate the Cass board petition. Plaintiff submits copies of a motion for summary judgment, in a case involving the Cass-Bromberek petition, partially based on the "first in time" principle, the order of the Du Page County circuit court denying summary judgment, entered on March 30, 1987, and contends that collateral estoppel bars use of this argument in the present case.

■ Collateral estoppel requires that: the issue decided by prior adjudication be identical with the issue at bar; the previous judgment be final and on the merits; and the party against whom estoppel is asserted must be a party or in privity with one in the previous adjudication. *Ballweg v. City of Springfield* (1986), 114 Ill. 2d 107, 113, 499 N.E.2d 1373; *Illinois State Chamber of Commerce v. Pollution Control Board* (1979), 78 Ill. 2d 1, 7, 398 N.E.2d 9.

■ Collateral estoppel is inapplicable here because the denial of summary judgment is not a final judgment on the merits. *Tripi v. Landon* (1986), 140 Ill. App. 3d 230, 233-34, 488 N.E.2d 610; *Skach v. Gee* (1985), 137 Ill. App. 3d 216, 221, 484 N.E.2d 441; *Rambert v. Advance Construction Co.* (1985), 134 Ill. App. 3d 155, 165, 479 N.E.2d 1007.

In a separate order, the motion to strike appellees' argument related to the maxim "first in time is first in right" is denied.

## II

■ Cass board next contends it has standing as a "district affected" to challenge the State Superintendent's decision to approve the Lemont-Bromberek petition through administrative review and that the circuit court erred in dismissing its complaint seeking such review. Lemont board asserts that the Cass-Bromberek petition does not confer standing on Cass board since it was invalid under the maxim *qui prior est tempore potior est jure*, the genesis of the "first in time" principle. Defendants additionally maintain that plaintiff lacks standing both under the School Code and because it was not a party of record at the hearings conducted by the Cook County superintendent.

The applicability of the "first in time" principle will be considered first. The principle, extensively applied in law and in equity (*United States v. City of New Britain* (1954), 347 U.S. 81, 85, 98 L. Ed. 520, 525, 74 S. Ct. 367, 370), is recognized by our supreme court and, in contexts similar to the instant case, provides that once a petition for

a change of boundaries is pending, a second petition for a different change involving all or part of the same territory cannot be maintained concurrently. For example, a subsequent annexation attempt cannot be entertained as to the same territory unless an earlier attempt to organize a village has been defeated. *People ex rel. Hathorne v. Morrow* (1899), 181 Ill. 315, 321-22, 54 N.E. 839; *City of East St. Louis v. Touchette* (1958), 14 Ill. 2d 243, 249, 150 N.E.2d 178; *see City of Countryside v. Village of LaGrange* (1962), 24 Ill. 2d 163, 166, 180 N.E.2d 488.

The foregoing principle also has been applied by the supreme court to a number of school district cases involving creation and annexation of school districts. *People v. Newman Community Unit School District* (1953), 1 Ill. 2d 370, 374-75, 115 N.E.2d 606; *People ex rel. Simpson v. Funkhouser* (1944), 385 Ill. 396, 402-07, 52 N.E.2d 1014; *People ex rel. Pfeiffer v. Morris* (1937), 365 Ill. 470, 475-77, 6 N.E.2d 864.

■ Applying the above-stated principle of law to the facts in the case *sub judice*, plaintiff Cass board acquired no standing in the pending petition proceedings by filing its own petition subsequent to the initially proposed and pending Lemont-Bromberek petition. Indeed, there may be some question as to the propriety of even considering the proposed Cass-Bromberek petition while the earlier filed Lemont-Bromberek petition was still pending, as seen from language in *People v. Newman Community Unit School District* (1953), 1 Ill. 2d 370, 375, 115 N.E.2d 606, that "[i]t was incumbent upon the superintendent of schools of Douglas County to make inquiry of his fellow county superintendent as to the status of the territory before proceeding with the petition before him."

Notwithstanding the foregoing, Cass board urges that a negative inference be drawn from the circumstance that the legislature expressly prohibited the filing of a petition to organize a community unit district which includes therein territory already included within a prior petition (Ill. Rev. Stat. 1985, ch. 122, par. 11A—2), but did not expressly prohibit subsequent petitions from being filed or considered under article 11B; therefore, its petition is not barred under article 11B. Article 11A deals with organizing community unit districts either by adding contiguous territories together or by dividing existing unit school districts and including all parts in other districts. The prohibition against filing subsequent petitions while an original petition is still pending is clearly to avoid what could become a harmful administrative boondoggle created by the statutory authority to add or divide territory, or both, a situation of which the legislature had to be emi-

nently aware. Not so clear, however, is the potential confusion which reasonably might have been anticipated by the legislature had a cause such as the present one come to its attention. The administrative problems inherent in allowing one (or more) subsequent petition(s) to be filed, while the original petition to combine is still pending, may not have been so patent as to invoke legislative awareness to latent difficulties when petitioners clamor and vie for attention to their own proposed combinations before the first petition has been approved or denied, or made subject to the statutory referendum. It is here that the common law fills the interstice with the "first in time" principle. For these reasons, we decline to draw the negative inference suggested.

■ With respect to the applicable section of the School Code, statutory language which is clear and unambiguous will be enforced as enacted. (*Board of Education v. Regional Board of School Trustees* (1985), 135 Ill. App. 3d 486, 490, 481 N.E.2d 1266.) Rules of statutory construction are used to ascertain the intent of the legislature only in the event of ambiguity. (135 Ill. App. 3d 486, 490, 481 N.E.2d 1266.) A statute must be construed as a whole. (*Braun v. Retirement Board* (1984), 125 Ill. App. 3d 132, 138, 465 N.E.2d 589, *aff'd* (1985), 108 Ill. 2d 119.) Sections of the School Code should be interpreted harmoniously when possible. (*Board of Education v. State Board of Education* (1987), 154 Ill. App. 3d 375, 383, 507 N.E.2d 134.) A word or phrase repeated in a statute is presumed to have the same meaning throughout the subject law. *Midwest Bank & Trust Co. v. Roderick* (1985), 132 Ill. App. 3d 463, 470, 476 N.E.2d 1326.

■ Although School Code section 11B—4 wording, "any *** board of education of any district affected," may appear ambiguous and possibly could be interpreted to mean any district in which the consolidation has any impact, similar language used in other sections of the Code deny force to that argument. Similar wording appearing in section 11B—2, each "district affected," refers only to territory located within the districts involved in the anticipated combination. Likewise, section 11B—3 requires that notice of filing of a petition to combine districts, with a copy of the petition, be given once per week for three successive weeks within the area of the territory of the proposed combined district. That section also requires that evidence to be heard by the regional superintendent shall relate to school needs and conditions within the territory of the proposed new district and its financial ability to meet required standards. From the foregoing it is clear that the legislation is focused upon the school districts comprising the proposed new territory and the residents residing therein. We

are persuaded that "affected" was intended to have the same meaning in section 11B—4 as in sections 11B—2 and 11B—3; therefore, districts "affected" under section 11B—4 are limited to those whose territory is directly involved in an original petition.

■ Finally, it must be observed that administrative review is limited to parties of record before the administrative agency whose rights, duties or privileges are adversely affected by the decision. (*Williams v. Department of Labor* (1979), 76 Ill. 2d 72, 78, 389 N.E.2d 1177; *Lake County Contractors Association v. Pollution Control Board* (1973), 54 Ill. 2d 16, 19, 294 N.E.2d 259; *Robinson v. Regional Board of School Trustees* (1985), 130 Ill. App. 3d 509, 512-13, 474 N.E.2d 708.) Plaintiff Cass board, not having the right to notice of any petition filed or proceedings, not having been a party of record before the Cook County superintendent, and not having submitted evidence of school needs and conditions within the territory of the proposed new combined district, had no standing to pursue administrative review of the State Superintendent's decision as to the Lemont-Bromberek consolidation in the circuit court of Cook County.

Cass board contends that *Thompson v. County Board of School Trustees* (1970), 130 Ill. App. 2d 660, 265 N.E.2d 168, *cert. denied* (1971), 404 U.S. 883, 30 L. Ed. 2d 164, 92 S. Ct. 213, provides implicit support for the proposition that a school board may represent an affected district although it does not appear at the administrative hearing. That case, however, offers plaintiff no support since it dealt with an individual resident who did appear at a hearing concerning annexation, objected to the proposed change, and presented information as to the effect on the financial status the action would have. A resident of an adjoining district who appears, objects and offers evidence at a hearing, as in *Thompson*, may not be denied the right to judicial review if the complaint states a cause of action. Ill. Rev. Stat. 1985, ch. 122, par. 11B—4.

It should be observed in passing that no prejudice to either Lemont board or Bromberek board will occur as a result of this posture of the case, nor will the residents residing within the territories be prejudiced, since the order approving the proposed combination of the two districts is the subject of an administrative review action on its merits.

The circuit court properly dismissed Cass board's complaint for administrative review for want of standing.

III

■ Plaintiff's final assertion of error is that it should have been

permitted to intervene before the State Superintendent by analogy to section 2—408 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—408), which governs intervention, and in the interest of fairly resolving the combination dispute before an impartial official.

The School Code contains no provision for a hearing by the State Superintendent; rather, that official is limited to reviewing the record developed by the regional superintendent who hears the evidence; the State Superintendent is not authorized to hear evidence not previously presented to the regional superintendent. (Ill. Rev. Stat. 1985, ch. 122, par. 11B—3.) Accordingly, intervention at the stage when a petition reaches the State Superintendent is inefficacious. Instead, intervention is appropriate at the regional superintendent hearing stage in the proceedings where an intervenor can present evidence in supplementation of the record to be reviewed by the State Superintendent.

It should be observed that the Cass board did not request intervention until May 23, 1986, one day after the State Superintendent made his decision on the Lemont-Bromberek petition. Plaintiff explains the delay in attempted intervention as the result of its unsuccessful effort to obtain injunctive relief in court. Section 11B—3 of the School Code, however, specifies that the State Superintendent must approve or deny a consolidation petition within 30 days of the regional superintendent's decision. (Ill. Rev. Stat. 1985, ch. 122, par. 11B—3.) The Cook County superintendent had approved the Lemont-Bromberek petition on April 22, 1986. Being so deeply involved in the proceedings, Cass board either knew or should have known that the State Superintendent's decision by law was required to have been made no later than May 22, 1986. Its request for intervention was made too late. See *In re Application of County Treasurer* (1983), 113 Ill. App. 3d 655, 447 N.E.2d 553, *appeal denied sub nom. Canton Union School District v. Central Illinois Light Co.* (1983), 96 Ill. 2d 538.

Plaintiff asserts that its appearance before the Cook County superintendent would not have been in accord with the statute which provides that "any resident in the territory described in the petition" can present evidence at the hearing. (Ill. Rev. Stat. 1985, ch. 122, par. 11B—3.) One of the principal purposes of the hearing, however, is to consider all relevant evidence for an informed decision. Intervention at the regional level might have served that purpose and could have been allowed, within the regional superintendent's discretion. See, *e.g.*, Ill. Rev. Stat. 1985, ch. 110, par. 2—408(b)(2).

Cass board makes the observation that since the State Superintendent has approved each of the proposed combined districts, and

only one combination can succeed, the three school districts are inextricably tied together until some forum of competent jurisdiction decides which combination should succeed, which is precisely correct. Had those who filed the Cass-Bromberek petition awaited the outcome of the initial Lemont-Bromberek petition, such a situation would not have eventuated. Nevertheless, assuming affirmation on administrative review, the forum to decide which combination should succeed will be the electorate at the referendum to establish the combined school district, the ultimate arbiter of the success or failure of the putative district. Ill. Rev. Stat. 1985, ch. 122, pars. 11B—5 to 11B—7.

For the foregoing reasons, we find no bases upon which to disturb the circuit court's dismissal of Cass board's complaint for administrative review, which, accordingly, must be affirmed.

Affirmed.

STAMOS and BILANDIC, JJ., concur.