KAREN KERWIN et al., Plaintiffs-Appellants, v. TED SANDERS, State Superintendent of Education, et al., Defendants-Appellees.—BROMBEREK SCHOOL DISTRICT NO. 65, Plaintiff-Appellant, v. TED SANDERS, State Superintendent of Education, et al., Defendants-Appellees.

Second District   Nos. 2—87—1047, 2—87—1083 cons.

Opinion filed September 28, 1988.

Michael J. Duggan, of Klein, Thorpe & Jenkins, Ltd., of Chicago (James P. Bartley, of counsel), for appellants Karen Kerwin and Board of Education of Lemont Township High School District No. 210.

Stuart D. Gordon, of Moss & Bloomberg, Ltd., of Bolingbrook (George A. Marchetti, of counsel), for appellant Bromberek School District No. 65.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Rita M. Novak, Assistant Attorney General, of Chicago, of counsel), for appellee Ted Sanders.

Justino D. Petrarca and Raymond A. Hausser, both of Scariano, Kula, Ellch & Himes, Chartered, of Chicago (Anthony G. Scariano, of counsel), for appellee Board of Education of Center Cass School District No. 66.

JUSTICE REINHARD delivered the opinion of the court:
Plaintiffs, Karen Kerwin and the Board of Education of Lemont

Township High School District No. 210 (Lemont 210), sought administrative review in the circuit court of Du Page County of a decision of defendant, Ted Sanders, the Illinois State Superintendent of Education (State Superintendent), approving the petition for consolidation of the Bromberek School District No. 65 (Bromberek 65), and the Cass Center School District No. 66 (Cass 66). Plaintiff, Bromberek 65, filed a separate complaint for administrative review of the State Superintendent's approval of the consolidation petition. Following consolidation of both cases in the trial court, the trial court denied plaintiffs' motion for summary judgment and affirmed the decision of the State Superintendent. Following separate appeals by Kerwin and Lemont 210, and Bromberek 65, this court consolidated both appeals for purposes of oral argument and decision.

The issues raised on appeal are whether the 1985 School District Reorganization Act (Ill. Rev. Stat. 1987, ch. 122, par. 1502–1 et seq.) (Reorganization Act) deprives the regional and State superintendents of their authority to consider consolidation petitions pursuant to section 11B–3 of the Illinois School Code (Ill. Rev. Stat. 1987, ch. 122, par. 11B–3); whether the Bromberek 65–Cass 66 consolidation petition could be properly considered pursuant to article 11B where the petition to consolidate Bromberek 65 and Lemont 113 was filed first and remained undefeated; whether the decision of the State Superintendent approving the consolidation of Bromberek 65 and Cass 66 is against the manifest weight of the evidence; and whether the regional superintendent's refusal to allow Lemont 210 to appear and present evidence rendered the proceedings invalid.

On December 4, 1985, a petition was filed, pursuant to section 11B–3 of the Illinois School Code (Ill. Rev. Stat. 1985, ch. 122, par. 11B–3), with Richard Martwick, regional superintendent of schools of Cook County, requesting approval to combine Bromberek 65, located in Du Page County, and Lemont School District No. 113 (Lemont 113), located in Cook County. Martwick approved the consolidation on April 22, 1986, and, on May 22, 1986, the State Superintendent approved the consolidation. Following the State Superintendent's approval of the petition, Bromberek 65 and Cass 66 filed separate complaints for administrative review in the circuit court of Cook County. (See Board of Education v. Sanders (1987), 161 Ill. App. 3d 723, 727, 515 N.E.2d 280.) The Cass 66 complaint was dismissed for lack of standing, which dismissal was affirmed on appeal. (Sanders, 161 Ill. App. 3d at 728-31, 515 N.E.2d at 283-85.) The Bromberek 65 complaint resulted in an affirmance by the circuit court of the State Superintendent's approval of the consolidation petition and is currently

on appeal in the Appellate Court for the First District.

On February 10, 1986, the petition in this case, to combine Bromberek 65 and Cass 66, both located in Du Page County, was filed with the Du Page County superintendent of schools pursuant to section 11B—3 of the Illinois School Code (Ill. Rev. Stat. 1985, ch. 122, par. 11B—3), which was dismissed on May 13, 1986. The regional superintendent, following the filing of a second petition, approved the consolidation on June 30, 1986. On July 30, 1986, the State Superintendent approved the petition to consolidate Cass 66 and Bromberek 65. As a result of the State Superintendent's approval of the Bromberek 65— Cass 66 petition, two competing consolidation petitions are pending, both of which could result in the consolidation of Bromberek 65 with another school district.

On August 28, 1986, Karen Kerwin, a resident of Bromberek 65, and the Board of Education of Lemont 210 filed a complaint for administrative review of the State Superintendent's decision in the circuit court of Du Page County. The complaint named the State Superintendent, Cass 66, and Bromberek 65 as defendants. Bromberek 65 also filed a complaint for administrative review in the circuit court of Du Page County naming as defendants the State Superintendent, Lemont 113, and Cass 66. On November 25, 1986, pursuant to the motion of Kerwin and Lemont 210, the two cases were consolidated in the circuit court. On October 19, 1987, the circuit court entered an order denying plaintiffs' motion for summary judgment and affirming the decision of the State Superintendent.

We address first the issue of whether the Reorganization Act deprives the regional and State superintendents of their authority to consider petitions pursuant to article 11B. Plaintiff, Bromberek 65, contends that the Reorganization Act repealed article 11B. Specifically, it argues that the Reorganization Act provides a comprehensive and uniform method by which school district consolidations may be accomplished and that the legislature intended it to supersede article 11B.

■ The Reorganization Act, enacted in 1985, was designed "to provide the framework for an effective and orderly reorganization of the existing school districts of this State through the retention of certain districts and the combination or reorganization of other districts." (Ill. Rev. Stat. 1987, ch. 122, par. 1502—1.) To accomplish this purpose, the Reorganization Act creates regional reorganization committees to conduct public hearings, consider whether reorganization is appropriate, and develop a reorganization plan. (Ill. Rev. Stat. 1987, ch. 122, pars. 1502—3, 1502—4.) Upon approval of a reorganization

plan by a State reorganization committee, the plan is submitted to the voters in each of the affected school districts. (Ill. Rev. Stat. 1987, ch. 122, par. 1502—7.) A majority of the voters in each district must then approve the plan. (Ill. Rev. Stat. 1987, ch. 122, par. 1502—7.) The reorganization plan, if approved by the voters, is effective until July 1, 1988 (Ill. Rev. Stat. 1987, ch. 122, par. 1502—7), and any additional reorganization plan can be implemented only by future legislation of the General Assembly (Ill. Rev. Stat. 1987, ch. 122, par. 1502—8).

The Reorganization Act contains no language which expressly repeals article 11B. (Ill. Rev. Stat. 1987, ch. 122, par. 1502—1.1 *et seq.*) Additionally, it refers to sections 11A—3 and 11B—3 in section 4. (Ill. Rev. Stat. 1987, ch. 122, par. 1502—4.) As noted earlier, article 11B sets forth the procedures by which school consolidation may be achieved. Furthermore, an examination of the legislative history of the Reorganization Act reveals no reference to the repeal of article 11B. We, therefore, find no express repeal of article 11B.

■ Bromberek 65 next contends that the subsequent enactment of the Reorganization Act impliedly repealed article 11B. The repeal of statutory enactments by implication is not favored. (*Spaulding School District No. 58 v. Waukegan City School District No. 61* (1960), 18 Ill. 2d 351, 356, 164 N.E.2d 63; *People v. Moffitt* (1985), 138 Ill. App. 3d 106, 116, 485 N.E.2d 513.) But, where such statutes are irreconcilably repugnant, the latter abrogates the former to the extent that they are inconsistent and irreconcilable because it cannot be supposed that the General Assembly intends to enact and enforce laws which are contradictions. (*People v. Maslowsky* (1966), 34 Ill. 2d 456, 468, 216 N.E.2d 669.) A court should avoid construing two statutes which will lead to the repeal of the earlier statute, and even if there is an apparent inconsistency between the two statutes, they should be construed, insofar as possible, so as to preclude an implied repeal of the earlier. (*Moffitt*, 138 Ill. App. 3d at 116, 485 N.E.2d at 521.) Furthermore, two seemingly incompatible legislative schemes should be interpreted so that meaning and effect is given to each (*Stephens v. Cozadd* (1987), 159 Ill. App. 3d 452, 456, 512 N.E.2d 812), and, when two statutes relate to the same subject matter, they should be construed harmoniously where possible (*Bray v. Industrial Comm'n* (1987), 161 Ill. App. 3d 87, 92, 513 N.E.2d 1045). A repeal by implication will not be found unless the intent of the legislature to do so is clear. *People v. Holderfield* (1946), 393 Ill. 138, 145, 65 N.E.2d 443; *Moffitt*, 138 Ill. App. 3d at 116-17, 485 N.E.2d at 521.

■ In the present case, the Reorganization Act and article 11B may be read consistently. The Reorganization Act provides for a state-

wide review by local and State reorganization committees of existing school districts and allows for the consolidation of school districts if, after all other requirements are . met, the voters in each affected school district approve the consolidation by election. (Ill. Rev. Stat. 1987, ch. 122, par. 1502—7.) Additionally, the Reorganization Act is only a temporary provision. (Ill. Rev. Stat. 1987, ch. 122, par. 1502—7.) Article 11B also provides for the consolidation of school districts, but by different procedures. Specifically, article 11B provides for voluntary consolidation through the use of petitions. (Ill. Rev. Stat. 1987, ch. 122, par. 11B—3.) Additionally, it requires approval by a regional superintendent of schools and the State Superintendent (Ill. Rev. Stat. 1985, ch. 122, par. 11B—3) and provides for administrative review in the courts (Ill. Rev. Stat. 1987, ch. 122, par. 11B—4). Furthermore, like the Reorganization Act, article 11B provides for an election approval process; however, it requires passage by a majority of the voters within the proposed combined school district (Ill. Rev. Stat. 1985, ch. 122, par. 11B—7), rather than in each of the districts separately as is required under the Reorganization Act.

Neither statute's provisions are in conflict with each other. Rather, each provides an alternative method of school district consolidation, neither of which is exclusive of the other. Bromberek 65, however, in support of its contention that the Reorganization Act was intended to repeal article 11B, points to section 9 of the Reorganization Act (Ill. Rev. Stat. 1987, ch. 122, par. 1502—9) which provides, in part, that the Reorganization Act "shall not affect any proceedings commenced prior to and pending on the effective date of the Act." Bromberek 65 further asserts that the petition, here, was filed after the effective date of the new Act and would have us hold that, but for this clause, all other methods of reorganization have been repealed. Adoption of this argument would be contrary to the case law cited above disfavoring repeal by implication. Had the legislature intended to prohibit the filing of a section 11B—3 petition during the time the Reorganization Act was in force, it could have so provided. Instead, this provision, rather than an indication that the section 11B—3 voluntary petition procedure for combination of school districts is repealed, would only prevent any combination that is inconsistent with the minimal criteria established by the Reorganization Act, even if a proceeding were commenced before the effective date of the Act. It does not, however, repeal the other existing statutory means of reorganization of school districts. Moreover, as a further indication that section 11B was not repealed, we note that the legislature amended both sections 11B—1 and 11B—7 of article 11B after the effective

date of the Reorganization Act. We, therefore, hold that the Reorganization Act does not repeal article 11B of the Illinois School Code.

Alternatively, Bromberek 65 briefly argues that even if the Reorganization Act was not intended to repeal article 11B by implication, that it was intended to preclude multiple and simultaneous consolidation efforts while the reorganization committees were performing their statutory responsibilities. Although there may be a situation in which approval of a section 11B—3 consolidation petition would be inconsistent with the reorganization plan under the Reorganization Act and would, thus, be abrogated to the extent of such inconsistency, the facts here do not present such a situation. Therefore, we need not address that issue in this case.

■ We address next plaintiffs' contention that the Bromberek 65—Cass 66 consolidation petition is invalid because there was a prior undefeated petition pending at the time the Bromberek 65—Cass 66 petition was filed. Defendant, Cass 66, responds that the statutory language of article 11B is clear and unambiguous and, therefore, there is no need to resort to rules of statutory construction. Additionally, it argues that the cases relied on by plaintiffs are inapplicable to this case. Finally, it maintains that because articles 11A and 11B were enacted at the same time, and because article 11A contains an express prohibition against subsequent petitions during the pendency of a prior petition and article 11B does not, that a negative inference may be drawn that the legislature did not intend to prohibit the filing of subsequent petitions under article 11B.

The Appellate Court for the First District, in *Board of Education v. Sanders* (1987), 161 Ill. App. 3d 723, 515 N.E.2d 280, recently decided this precise issue. The appellate court there, in deciding whether a school district that is unaffected by a consolidation petition under section 11B—3 has standing to challenge that petition, held that section 11B—3 does not expressly or impliedly allow for more than one petition to be pending at one time and that, under the common law principle of "first in time is first in right," the first petition commenced under section 11B—3 precludes other petitions from being considered until such petition is defeated. (161 Ill. App. 3d at 728-30, 515 N.E.2d at 283-84.) The court relied on the "first in time" principle as applied in municipal annexation cases and school district creation and annexation cases to hold that the filing of a subsequent section 11B—3 petition does not confer standing on the petitioner to challenge a prior pending petition filed under section 11B—3. 161 Ill. App. 3d at 729, 515 N.E.2d at 284.

The subsequent petitioner in that case argued, as does the defend-

ant in this case, that because article 11A expressly prohibits the filing of subsequent petitions when a prior petition is pending and article 11B contains no such prohibition, a negative inference can be drawn that the legislature intended to allow multiple petitions to be filed under article 11B. (161 Ill. App. 3d at 729, 515 N.E.2d at 284.) As the *Sanders* court noted, article 11A deals with the organization of community unit districts, and, as such, the legislature included the prohibition against multiple petitions to avoid administrative problems that were certain to arise if more than one petition were pending at one time. (161 Ill. App. 3d at 729-30, 515 N.E.2d at 284.) More importantly, the court stated that, although the legislature did not specifically anticipate administrative problems that might arise if more than one petition were pending under article 11B, there are problems inherent in allowing one or more subsequent petitions to be considered while the original petition is still pending. (161 Ill. App. 3d at 730, 515 N.E.2d at 284.) The court concluded that where the legislature failed to anticipate the potential administrative problems that could arise where multiple petitions are filed, the common law fills the interstice with the "first in time principle." (161 Ill. App. 3d at 730, 515 N.E.2d at 284.) Thus, the court found no negative inference that the legislature intended to allow multiple petitions under article 11B simply because it did not contain an express prohibition as it did in article 11A. 161 Ill. App. 3d at 730, 515 N.E.2d at 284.

Our research indicates that there are no other cases addressing this issue, nor does legislative history provide any guidance. Under article 11B, the two competing consolidation petitions in this case could be submitted to the electorate of the affected school districts. Theoretically, both petitions could be approved, thereby resulting in the consolidation of Bromberek 65 with two different school districts. We do not believe, however, that such a situation was intended when the legislature enacted article 11B. Upon careful examination of the *Sanders* case, we adopt the reasoning set forth therein and hold that, under the common law principle of "first in time is first in right," there can be no proceedings commenced on any article 11B consolidation petition which is filed subsequent to a pending, yet undefeated, article 11B petition.

Therefore, we hold that a second petition once filed is to be held in abeyance by the regional superintendent pending the outcome of the approval process as to the prior petition. We realize, of course, that in the present case, the Bromberek 65—Cass 66 petition has already been approved by the State Superintendent and only awaits submission to the electorate. Nevertheless, because of our holding

here all proceedings commenced after the filing of the Bromberek 65—Cass 66 petition were void. Only in the event the original petition is defeated could proceedings before the regional superintendent on the second petition be validly commenced. Because of our disposition in this case, we need not address the remaining two issues.

Accordingly, we reverse the decision of the circuit court of Du Page County.

Reversed.

DUNN and INGLIS, JJ., concur.