655 N.E.2d 930 (1995)
274 Ill.App.3d 446
211 Ill.Dec. 547
John R. ROGERS, Joan Rogers, and Board of Education of Joliet Township High School District No. 204, County of Will and State of Illinois, a body politic and corporate, Plaintiffs-Appellants,
v.
Frank M. DESIDERIO, et al., Defendants-Appellees.
No. 3-95-0169.
Appellate Court of Illinois, Third District.
August 8, 1995.
As Modified on Denial of Rehearing September 14, 1995.
*931 Timothy J. Rathbun (argued), McKeown Law Office, Joliet, Christopher N. Wise (argued), McKeown, Fitzgerald, Zollner, Buck, Joliet, for Board Of Educ. Of Joliet Tp. High School, Joan Rogers, John R. Rogers.
John M. Izzo (argued), Scariano, Kula, Ellch, Himes, Chicago Heights, for Helen Bacza, Janet L. Beaudry, Board Of Educ. Of Lincoln-Way High School, Kenneth Carrell, Committee Of Ten, Daniel F. Gallagher, Diane Garland, Raymond E. Hallin, Donald H. Hlavac, Margaret A. Persico, Clifford H. Spencer, Lawrence J. Viano.
David M. Shiffer (argued), Asst. State's Atty., Joliet, for Frank M. Desiderio, Regional Bd. Of School Trustees.

MODIFIED ON DENIAL OF REHEARING
Justice BRESLIN delivered the opinion of the court:
The Regional Board of School Trustees of Will County (the Board) approved a petition filed under section 7-2b of the School Code (105 ILCS 5/7-2b (West Supp.1995)) for the detachment and annexation of certain territory from Joliet Township High School District No. 204 (Joliet) to Lincoln-Way Community High School District No. 210 (Lincoln-Way). On administrative review, the plaintiffs, Joliet and John and Joan Rogers, argue that: (1) the petition should have been held in abeyance pending the outcome of a previously filed petition involving the same territory; and (2) section 7-2b impermissibly delegates legislative power in violation of article IV, section 1 of the Illinois Constitution. The circuit court rejected these arguments and affirmed the Board's decision. We affirm the circuit court's judgment.
In April 1992, a petition was filed pursuant to an earlier version of section 7-2b (see 105 ILCS 5/7-2b (West 1992)) to detach and annex certain territory from Joliet to Lincoln-Way (1992 petition). The Board entered an order dismissing the petition after determining that it did not meet section 7-2b's requirements. Joliet appealed, arguing that the petition should have been denied rather than dismissed. A denial of the petition would have barred successive petitions involving the same territory under the then-existing provisions of section 7-8 of the School Code. (See 105 ILCS 5/7-8 (West 1992).) The circuit court affirmed the Board's decision to dismiss the petition, and we affirmed that judgment. (Joliet Township High School District No. 204 v. Desiderio (3rd Dist.1994), No. 3-93-0910 (unpublished order under Supreme Court Rule 23).) The supreme court denied Joliet's motion for leave to appeal in November 1994. See 158 Ill.2d 552, 206 Ill.Dec. 836, 645 N.E.2d 1358.
Meanwhile, section 7-2b was amended in such a way that would allow the type of detachment and annexation that was sought in the 1992 petition. (See 105 ILCS 5/7-2b (West Supp.1995).) A second petition was thus filed in April 1993 (1993 petition) which sought detachment and annexation of substantially the same territory from Joliet to Lincoln-Way. Joliet objected to the Board's consideration of the 1993 petition pending the appeal of the 1992 petition. The Board nonetheless considered the 1993 petition and voted to grant it in February 1994. This administrative review proceeding followed.
The plaintiffs first argue that the Board's approval of the 1993 petition is void because, under the "first in time" principle, the 1993 petition should have been held in abeyance pending the outcome of Joliet's appeal regarding the 1992 petition.
The "first in time" principle, as applied to petitions for school boundary changes, provides that once a petition is pending, a second petition for a different change involving all or part of the same territory cannot be maintained concurrently. (See Board of Education of Center Cass School District No. 66 v. Sanders (1987), 161 Ill.App.3d 723, 113 Ill.Dec. 471, 515 N.E.2d 280.) The principle has been applied in *932 school boundary disputes to avoid the incongruous results which would occur if petitions involving the same territory were acted upon at the same time. See People ex rel. Simpson v. Funkhouser (1944), 385 Ill. 396, 52 N.E.2d 1014; People v. Newman Community Unit School District No. 303 (1953), 1 Ill.2d 370, 115 N.E.2d 606; Kerwin v. Sanders (1988), 174 Ill.App.3d 872, 124 Ill.Dec. 236, 528 N.E.2d 1344.
The case at bar is distinguishable from the cases in which the "first in time" principle has been applied. Here there was no possibility for incongruous rulings on the 1992 and 1993 petitions, as both petitions sought detachment and annexation of the same territory from Joliet to Lincoln-Way. Nonetheless, the plaintiffs contend that the "first in time" principle should apply here because the Board, in approving the 1993 petition during the pendency of the appeal involving the 1992 petition, risked invalidation of the 1993 petition under the then-existing provisions of section 7-8 of the School Code. We do not dispute the plaintiffs' contention that a ruling in Joliet's favor in its appeal would have subjected the 1993 petition to invalidation under section 7-8. We find, however, that application of the "first in time" principle to this case would not serve the ends of justice.
At this juncture in the proceedings, we know that Joliet did not successfully prosecute its appeal involving the 1992 petition and that, consequently, the 1993 petition cannot be invalidated under section 7-8. Thus, the only justification for applying the "first in time" principle would be to deter regional boards and school superintendents from considering section 7-2b petitions in future cases where to do so would risk invalidation of a petition under section 7-8.
We note that section 7-8 has been amended to exclude section 7-2b petitions from its purview. (See 105 ILCS 5/7-8 (West Supp. 1995).) As a result, the risk taken by the Board in this case will not arise in future cases. Accordingly, application of the "first in time" principle in this case would serve no meaningful end. We therefore decline to invalidate the 1993 petition under the "first in time" principle.
The second issue is whether section 7-2b is a delegation of legislative power to private individuals in violation of Article IV, section 1 of the Illinois Constitution.
Article IV, section 1 of the Illinois Constitution vests the power to make laws for this State in the legislature. (Ill. Const. 1970, art. IV, sec. 1.) This power may not be delegated to another body, authority, or person. (Rouse v. Thompson (1907), 228 Ill. 522, 81 N.E. 1109.) An act which vests any person or authority with arbitrary discretion to determine what the law shall be in a particular situation is invalid. (North v. Board of Education of Community High School District No. 203 (1924), 313 Ill. 422, 145 N.E. 158.) However, the ultimate operation of a law may by its own terms be made to depend upon a contingency, such as an affirmative vote of the electors of a given district. People ex rel. Chicago Dryer Co. v. City of Chicago (1952), 413 Ill. 315, 109 N.E.2d 201.
The supreme court has determined that the legislature does not impermissibly delegate lawmaking power when it grants to voters the privilege of organizing school districts under statutes which specify with particularity the rules and conditions under which the organization may be made. (See People ex rel. Taylor v. Camargo Community Consolidated School District No. 158 (1924), 313 Ill. 321, 328, 145 N.E. 154, 156.) A review of section 7-2b makes plain that the provision grants such a privilege subject to specific rules and conditions and is thus not an unconstitutional delegation of lawmaking authority.
Section 7-2b allows voters to detach and annex territory that constitutes 10% or less of a high school district's equalized assessed valuation only if the annexation will cause the territory to have identical elementary school and high school boundaries. In enacting this provision, the legislature has recognized the advantage of allowing school children who attend elementary school together to attend the same high school. Section 7-2b gives voters, under limited circumstances, the privilege of determining whether to procure this advantage for the children within their territory. *933 Therefore, we hold that section 7-2b does not impermissibly delegate lawmaking authority in violation of the Illinois Constitution.
For the foregoing reasons, we affirm the judgment of the circuit court of Will County.
Affirmed.
McCUSKEY and SLATER, JJ., concur.