STEVEN A. RUSHTON *et al.*, Plaintiffs-Appellees, *v.* JAMES L. O'MALLEY, Defendant-Appellant.

Fourth District    No. 16248

Opinion filed October 1, 1980.

Paul H. Vallandigham, of Winkelmann & Winkelmann, of Urbana, for appellant.

Richard T. Witham, of Student Legal Services, of Urbana, for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This case presents the need to interpret section 1 of "An Act to require the payment of interest by lessors of residential real property on security deposits made by lessees" (Ill. Rev. Stat. 1979, ch. 74, par. 91), which provides:

> "A lessor of residential real property, containing 25 or more units, who receives a security deposit from a lessee to secure the payment of rent or compensation for damage to property shall pay interest to the lessee * * *."

Specifically, it must be determined if the defendant is a "lessor of residential real property, containing 25 or more units" where he owns four apartment buildings which comprise a single apartment complex and all four buildings together contain more than 25 units although no single building contains 25 or more units.

This case was presented to the trial court on an oral stipulation of facts. Defendant owned a 12-unit apartment building at 404 East Michigan, Urbana, Illinois. Plaintiffs occupied one apartment in that building pursuant to a written lease for a period of two years. Although that building alone did not contain 25 units, it was part of a single apartment complex of four buildings owned by defendant and located at 306-410 East Michigan Street, Urbana, Illinois, which all together contained more than 25 units.

After a two-year tenancy the plaintiffs vacated the premises pursuant to the lease but did not receive a refund of the security deposit within 30 days as required by section 2 of the act. Thereafter, the plaintiffs sent a letter dated September 19, 1979, to defendant demanding the return of their security deposit together with interest thereon pursuant to section 1 of the act. On September 21, 1979, the defendant issued and forwarded to the plaintiffs two checks totaling $200 but not interest. The plaintiffs then sent to defendant a letter dated October 8, 1979, demanding interest on their security deposit. When no interest was forthcoming, the present suit was initiated by a small claims complaint on October 25, 1979.

In their complaint, the plaintiffs alleged that defendant failed to pay interest on their security deposit as required by section 1 of the act and demanded judgment in the amount of $200, twice the sum of their security deposits, as provided by section 2 of the act, and costs. Evidence was heard on the matter and the cause taken under advisement on January 30, 1980. Judgment for plaintiffs ordering the defendant to pay plaintiffs $200 plus costs, was entered March 11, 1980, and filed March 13, 1980. Notice of appeal was filed April 8, 1980.

On appeal, defendant contends that although he owned an apartment complex with more than 25 units, since no one building has 25 or more units, he is not a "lessor of residential real property, containing 25 or more units * * *." Plaintiff contends that it is not necessary for all 25 units to be contained in one building in order to come within the purview of the statute. Plaintiffs and defendant argue that the plain meaning of the statute supports their interpretation. Since we find that the language of the statute is plain and unambiguous so far as it is necessary to determine if this defendant is a "lessor" within the meaning of the statute, it is not necessary to address their supporting arguments.

■■ The cardinal rule of statutory construction is to give effect to the legislative intent of the enactment. (*People v. Savaiano* (1976), 66 Ill. 2d 7, 359 N.E.2d 475.) In order to effectuate this intent, the court must first ascertain it. But the intent of the legislature is an amorphous abstraction. Thus, the search for legislative intent must begin with the words of the statute itself, for the legislature is presumed to have intended what it said. 2A Sutherland, Statutory Construction §46.03 (3d ed. 1973); see also Jones,

*The Plain Meaning Rule and Extrinsic Aids in the Interpretation of Federal Statutes*, 25 Wash. U. L.Q. 2 (1939), reprinted in 3 Sutherland, Statutory Construction §§523, 526 (3d ed. 1973).

Terms in a legislative enactment are to be given their ordinary meaning. *(Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 381 N.E.2d 222.) If the words of the statute are clear and unambiguous, there should be no resort to extrinsic aids such as legislative history *(Mahin;* Jones, *The Plain Meaning Rule and Extrinsic Aids in Interpretation of Federal Statutes*, 25 Wash. U. L.Q. 2 (1939), reprinted in 3 Sutherland, Statutory Construction §§523, 525 (3d ed. 1973)), or other aids, such as the rule of strict construction for penal statutes *(Mahin;* see also 3 Sutherland, Statutory Interpretation §59.06 (3d ed. 1973)), unless to give effect to the plain meaning would be contrary to the obvious intent of the legislature or lead to an absurd result. See, *e.g., Standard Oil Co. v. United States* (1911), 221 U.S. 1, 55 L. Ed. 619, 31 S. Ct. 502; see also 2A Sutherland, Statutory Construction §46.07 (3d ed. 1973). But see *Mahin; Caminetti v. United States* (1917), 242 U.S. 470, 61 L. Ed. 442, 37 S. Ct. 192.

■■ Here the legislature has used the words "lessor of residential real property, containing 25 or more units * * *." Real property is acknowledged by both the plaintiffs and defendant, citing Black's Law Dictionary 1096 (5th ed. 1979), to mean "[l]and, and generally whatever is erected or growing upon or affixed to land." To support defendant's interpretation of the statute the term "real property" would have to be limited to less than its ordinarily understood meaning by defining it to mean only buildings and not land. To support the plaintiffs' interpretation, that statute need only be read to import the ordinary meaning of the term "real property." That is, real property means land as well as buildings, and land can contain within its perimeter residential units. If 25 or more units are contained within that land, then the statute applies. Since such an interpretation provides a clear unambiguous meaning it is not necessary to search further for legislative intent.

In the present case, the defendant leases 48 units contained in one apartment complex. Therefore he comes within the mandate and purpose of section 1 of the act and the judgment of the trial court is affirmed.

Affirmed.

MILLS, P. J., and WEBBER, J., concur.