BOARD OF EDUCATION OF ROCKFORD SCHOOL DISTRICT No. 205, WINNEBAGO-BOONE COUNTIES, Plaintiff-Appellant, v. REGIONAL BOARD OF SCHOOL TRUSTEES OF BOONE AND WINNEBAGO COUNTIES *et al.*, Defendants-Appellees.

Second District   No. 84—0651

Opinion filed August 2, 1985.

Pedderson, Menzimer, Conde, Stoner & Killoren and James M. Hess, both of Rockford, for appellant.

John R. Kinley and Russell D. Anderson, both of Williams & McCarthy, and Bradley T. Koch and Roberta L. Holzwarth, both of Holmstrom & Green, both of Rockford, for appellees.

JUSTICE HOPF delivered the opinion of the court:

Plaintiff, board of education of Rockford School District No. 205, Winnebago-Boone Counties (Rockford district), filed a complaint for declaratory judgment, *certiorari*, *mandamus* and permanent injunction alleging that the hearing board, selected by defendant, regional board of school trustees of Boone and Winnebago Counties (regional board), to hear plaintiff's resolution objecting to detachment of certain real estate from the Rockford district, was not chosen in accordance with section 7—2.5 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 7—2.5). The trial court dismissed plaintiff's complaint with prejudice, finding that pursuant to the language of section 7—2.5, the plaintiff did not have the right to reject defendant regional board's two appointees to the hearing board. This appeal followed.

The issue on appeal concerns the interpretation of the words "districts affected," as they appear in section 7—2.5 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 7—2.5). Plaintiff contends that the language of section 7—2.5 is not ambiguous, that it favors plaintiff's interpretation that the term "districts affected" encompasses a special charter district, such as the Rockford district, and that, as a district affected, plaintiff's approval of defendant regional board's two appointees to the hearing board was required. Conversely, plaintiff

argues that if section 7—2.5 is held to be ambiguous and in need of interpretation and construction, the rules of statutory construction support plaintiff's interpretation.

Petitioners, who were intervenors at the trial level and who constitute the additional defendants-appellees in this appeal, filed a petition for detachment of certain territory from the Rockford district (a special charter district). Plaintiff objected to the detachment and adopted a resolution objecting to detachment which it filed with defendant regional board. Pursuant to section 7—2.5 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 7—2.5), which includes the procedure involved in selecting members of a hearing board to hear the petition and objection, plaintiff appointed two legal voters from the Rockford district to be members of the hearing board. Defendant regional board also appointed two legal voters from the districts under its jurisdiction to be members.

Plaintiff adopted a resolution rejecting defendant regional board's two appointees on the basis that under section 7—2.5 the appointments were subject to plaintiff's approval. In an accompanying letter, plaintiff requested that the regional board tender two more appointees for confirmation by plaintiff. The *ex officio* secretary of the regional board informed plaintiff that the regional board's appointees were not subject to plaintiff's approval. Subsequently, plaintiff filed a complaint for declaratory judgment, *certiorari*, *mandamus* and permanent injunction, seeking the trial court to declare that the hearing board be selected in accordance with its interpretation of section 7—2.5 of the School Code. Ill. Rev. Stat. 1983, ch. 122, par. 7—2.5.

At a hearing, the trial court concluded that the words "districts affected" used in section 7—2.5 of the School Code did not include special charter districts, such as the Rockford district and, therefore, plaintiff possessed no right to reject the regional board's two appointees to the hearing board, since only "districts affected" had the right of approval. (Ill. Rev. Stat. 1983, ch. 122, par. 7—2.5.) As a result, the trial court found that plaintiff's complaint failed to state a cause of action and dismissed the complaint with prejudice.

Sections 7—2.3 through 7—2.7 provide for the annexation to and detachment of property in a special charter school district. (Ill. Rev. Stat. 1983, ch. 122, pars. 7—2.3 through 7—2.7.) " 'Special charter district' means any city, township or district organized into a school district, under a special Act or charter of the General Assembly or in which schools are now managed and operating within such unit in whole or in part under the terms of such special Act or charter." (Ill. Rev. Stat. 1983, ch. 122, par. 1—3.) The portion of section 7—2.5

which is in contention states:

"However, if an objection to the proposed annexation or detachment of territory is filed with either the special charter district or the regional board of school trustees, the regional board of school trustees, within 15 days after receiving the objection, shall appoint 2 legal voters from the district or districts under their jurisdiction and involved in the proposed annexation or detachment of territory, *subject to the approval of the boards of education of the districts affected,* and the board or governing body of the special charter district shall appoint 2 legal voters from the special charter district." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 122, par. 7—2.5.)

Of primary importance in this appeal is the emphasized portion of the sentence set out above.

Plaintiff first contends that the language of section 7—2.5 is not ambiguous and, therefore, needs no judicial construction but rather should have been given the plain meaning intended by the legislature. (Ill. Rev. Stat. 1983, ch. 122, par. 7—2.5.) That meaning, according to plaintiff, is that the words "districts affected" refer to the district from which territory is to be detached as well as to the district to which the territory is to be annexed, and, therefore, both districts have the right to approve the defendant regional board's two appointees. Alternatively, plaintiff argues that if the statute is held to be ambiguous, application of the rules of statutory construction favors plaintiff's interpretation of selection 7—2.5.

Defendant agrees that the statute is unambiguous but argues that the trial court's interpretation of the words "districts affected" was correct. The essence of defendant's position is that the trial court considered the full statutory section and not just the words "districts affected" to determine that the legislative intent was to provide a balanced hearing board and that this objective could not be accomplished if, in addition to being able to pick two appointees of its own, the special charter district also possessed the right to approve defendant's appointees. Consequently, defendant maintains that the plain meaning of the words "subject to the approval of the boards of education of the districts affected" is that the approval of the boards of education of the districts affected, other than the board of the special charter district, is required. Defendant also maintains that if the statute is ambiguous, statutory construction favors its position.

This court has found no Illinois cases to date which interpret this specific provision of the School Code:

"In construing a statutory provision not yet judicially inter-

preted, a court is guided by both the plain meaning of the language in the statute as well as legislative intent. [Citations.] The statutory language is the best indication of the drafters. [Citation.]" (*Tisoncik v. Szczepankiewicz* (1983), 113 Ill. App. 3d 240, 245, 446 N.E.2d 1271.)

When the statutory language is clear and unambiguous, the court's only function is to enforce the law as enacted by the legislature. (*Price v. State Farm Mutual Automobile Insurance Co.* (1983), 116 Ill. App. 3d 463, 470, 452 N.E.2d 49.) An appellate court cannot restrict or enlarge the plain meaning of an unambiguous statute. *People v. McCray* (1983), 116 Ill. App. 3d 24, 26, 451 N.E.2d 985.

Although both parties claim that the language of the statute is not ambiguous, their arguments and reason for being in this court would seem to belie this fact. "Ambiguity" is defined as "the condition of admitting of two or more meanings, *of being understood in more than one way* \*\*\*." (Emphasis added.) (Webster's Third New International Dictionary 66 (1981).) Clearly, from their arguments here, section 7—2.5 appears to be capable of being understood in more than one way. (Ill. Rev. Stat. 1983, ch. 122, par. 7—2.5; *Penman v. Board of Trustees* (1981), 94 Ill. App. 3d 139, 144, 418 N.E.2d 795.) We believe that the words "subject to the approval of the boards of education of the districts affected" which immediately follow the phrase "from the district or districts under their [the regional board's] jurisdiction and involved in the proposed annexation or detachment of property" directly refer to that phrase. Nevertheless, ambiguity in the use of the words "districts affected" in the phrase in question could be said to exist by virtue of the fact that plaintiff, as a special charter district, is one of the districts affected by either the detachment or annexation of the territory under this section. A resort to the rules of statutory construction appears appropriate in this case.

■■ The cardinal rule of all statutory construction is that the true intention of the legislature must be ascertained and given effect. (*People ex rel. Scott v. Larance* (1982), 105 Ill. App. 3d 171, 174, 434 N.E.2d 5; *Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358, 363, 389 N.E.2d 151.) The initial and primary source for determining legislative intent is the plain meaning of the language used. (*Board of Education v. Carter* (1983), 119 Ill. App. 3d 857, 859, 458 N.E.2d 50.) Usually, it is unnecessary to look beyond the language of the statute to learn the legislative intent, but when differing interpretations are proffered, as is the case here, legislative intent must be gathered not only from the language used, but also from the reasons for the enactment and the purposes to be thereby attained. *Pielet*

*Brothers Trading, Inc. v. Pollution Control Board* (1982), 110 Ill. App. 3d 752, 755, 442 N.E.2d 1374.

The legislative intent of section 7—2.5 is to provide for the selection of members to a hearing board which is to hear and decide an objection filed to the proposed annexation or detachment of territory from a special charter school district. (Ill. Rev. Stat. 1983, ch. 122, par. 7—2.5.) The plain language of the statute indicates that the hearing board is to consist of seven members; two appointed by the defendant regional board, two appointed by the plaintiff special charter district, and three more selected by the four appointees. We believe that the obvious purpose of this selection process is to give the special charter district and the other district or districts involved in the annexation or detachment an equal number of representatives on the hearing board and, in addition, to choose three neutral members. The evil to be remedied by this process is to prevent the selection of a board which would be completely favorable to one party's position before an objection to a petition for annexation or detachment was ever heard.

Despite the fact that the object of this statute is to create an impartial hearing board, the plaintiff maintains that the rules of statutory construction favor its position. Plaintiff contends, as the district from which the subject territory is to be detached, it is included in the words "districts affected" in the phrase "subject to the approval of the boards of education of the districts affected." To uphold plaintiff's construction would have the effect of not only permitting plaintiff to choose two representatives from its own district but also allowing it to control the selection of the representatives from the other district or districts. This result would not promote the statute's purpose of creating an impartial hearing board for it would be possible, under plaintiff's construction, to have a hearing board comprised of four members favorable to its position who, in turn, would control the selection of the final three.

Moreover, if the appointees of the nonspecial charter districts were subject to the approval of the special charter district, then the special charter district appointees, in turn, should be subject to the approval of the boards of education of the nonspecial charter districts in order to give effect to the statute's purpose of creating an impartial hearing board. That this is not intended appears evident from that portion of the sentence in question which deals with the special charter district. That portion states: "[A]nd the board or governing body of the special charter district shall appoint two legal voters from the special charter district." No phrase "subject to the approval of

the boards of education of the districts affected" appears in the preceding statement. The fact that this phrase does not appear in that portion of the sentence dealing with the special charter district's appointees reinforces defendants' contention that "districts affected" in the portion of the sentence dealing with the regional board's appointees refers only to approval by the boards of education of the districts other than the special charter districts. To adopt plaintiff's construction of the words "districts affected" and to still create an impartial hearing board defendant would also have to possess this equal right of approval and yet it appears evident from the plain language of the statute that defendant possesses no such right. Although words may be added, deleted or changed in a statute to effectuate the legislative intent (*Orbach v. Axelrod* (1981), 100 Ill. App. 3d 973, 980, 427 N.E.2d 399), it is not within the province of this court to enlarge the meaning of the statute by adding language aimed at correcting any supposed omission or defect. *In re Estate of Swiecicki* (1984), 121 Ill. App. 3d 705, 709, 460 N.E.2d 91.

■ Additionally, by applying the "last antecedent doctrine" to the words in question, it is clear that the words "districts affected" refer only to those districts involved in the annexation or detachment of property which are under defendants' jurisdiction. The "last antecedent rule" requires that relative or qualifying words, phrases, or clauses are to be applied to the words or phrases immediately preceding and not as extending to or including other words, phrases or clauses more remote, unless the intent of the General Assembly disclosed by the context and reading of the entire statute requires such exclusion or inclusion. (*People v. Thomas* (1970), 45 Ill. 2d 68, 72, 256 N.E.2d 794.) It is this court's opinion that proper application of this rule indicates that the qualifying words "subject to the approval of the boards of education of the districts affected" refer to the phrase "from the district or districts under their [regional board's] jurisdiction and involved in the proposed annexation or detachment of territory." Applying the "last antecedent rule" in this manner, it is clear that the plaintiff as a special charter district could not be considered as a "district affected" because plaintiff is not under the jurisdiction of defendant. Section 6—2 of the School Code, which provides for the creation and membership of the regional board of trustees, states in relevant part:

> "There is created a regional board of school trustees for that territory in each educational service region exclusive of any school district organized under Article 34 and *exclusive of any school district whose school board has been given the powers of*

*school trustees.* Any school district whose board of education acts as a board of school trustees shall have within its district the powers and duties of a regional board of school trustees." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 122, par. 6—2.0.)

Section 32—1.2, which deals with the powers and duties of special charter districts, states:

"A school board of any special charter district that is elected by the voters shall have the powers and duties of school trustees." (Ill. Rev. Stat. 1983, ch. 122, par. 32—1.2.)

We take judicial notice that plaintiff's school board is elected and, therefore, has the powers of school trustees. Thus, because plaintiff is not under the jurisdiction of defendant regional board of trustees, it cannot be considered as within the class of "districts affected" as defined in the sentence in question of section 7—2.5.

Finally, mention should be made of the additional issue raised by the additional defendants-appellees, the original petitioners for detachment of certain property from plaintiff. These defendants assert that a fair hearing before an impartial tribunal is a fundamental requirement of due process and that plaintiff's interpretation of section 7—2.5 would operate to defeat this requirement. In effect, additional defendants reiterate the regional board's position that plaintiff's construction of section 7—2.5 would have the result of creating a hearing board whereby the majority of its members would be sympathetic to plaintiff's position. We believe that our earlier discussion in this opinion dealing with the need for an impartial hearing board makes it unnecessary to discuss this additional issue.

■ This court is in accord with the trial court's finding that the words "districts affected" do not include the special charter district. In our opinion the relevant language "districts affected" seems plain and distinctly indicates that only the boards of education of districts under defendants' jurisdiction and from whom the defendants' appointees have been selected should have the right to approve or reject defendants' appointees. Bearing in mind the language of the statute, the evil to be remedied by its enactment, and the purpose of the statute, we conclude that the words "districts affected" do not refer to a special charter district and that if the legislature had intended to give a special charter district the authority to approve the regional board's appointees it would have expressly done so. Even if this court determined that two different constructions could be placed on these words, we would select that which leads to a logical result and avoid the one that would render the operation of the law difficult. (*Orbach v. Axelrod* (1981), 100 Ill. App. 3d 973, 978, 427 N.E.2d 399.) We be-

lieve the logical result is that advocated by defendant regional board, because it allows for the selection of the impartial hearing board to hear and decide an objection to a petition for detachment or annexation of territory from a special charter school district.

For the reasons set forth, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

STROUSE and UNVERZAGT, JJ., concur.