SYLVIA POULLETTE, Plaintiff-Appellant, v. IRA SILVERSTEIN, Defendant-Appellee.

First District (4th Division)    No. 1—01—0263

Opinion filed March 21, 2002.

Patrick R. Grady and Peter Jacobsen, both of Wolf & Wolfe, Ltd., of Chicago, for appellant.

Terry D. Weissman and Kendra Johnson Panek, both of Neal, Gerber & Eisenberg, of Chicago, for appellee.

JUSTICE THEIS delivered the opinion of the court:

Plaintiff, Sylvia Poullette, brought this action against defendant, Ira Silverstein, alleging legal malpractice in the preparation of a will and trust for her mother, Pearl Dopp. The trial court dismissed the complaint as time-barred by section 13—214.3(d) of the Code of Civil Procedure (the Limitations Act or Act) (735 ILCS 5/13—214.3(d) (West 1994)). On appeal, plaintiff contends that the circuit court misinterpreted subsection (d) of the statute and that the statute is unconstitutional as applied by the court. For the following reasons, we affirm.

BACKGROUND

Plaintiff's complaint alleges that Dopp retained defendant to perform certain estate planning services, including the preparation of a will and trust. Defendant drafted an *inter vivos* revocable trust which Dopp executed on December 13, 1994. Under the terms of the 1994 trust, plaintiff was to be named as successor trustee upon Dopp's death. The trustee was to make certain distributions of cash and personal property. The remaining residue was to be distributed to plaintiff as beneficiary. The trust was originally funded with only $10,

which was an insufficient amount to satisfy the purpose of the trust. The complaint further alleges that defendant failed to advise Dopp of the effect of the failure to transfer assets from an earlier trust and failed to assist Dopp in transferring those assets into the 1994 trust. As a result, plaintiff was deprived of the benefit of receiving the residue of the 1994 trust. The complaint additionally alleges that plaintiff was required to engage other legal counsel to represent and advise her in connection with her attempts to secure the residue of the estate.

Dopp died on August 19, 1997, and her will was admitted to probate on January 9, 1998. Subsequently, on February 10, 1999, plaintiff filed a complaint for reformation of the 1994 trust, and on August 18, 1999, she filed her complaint for professional malpractice against defendant. Thereafter, defendant filed a motion to dismiss the complaint pursuant to section 2—619(a)(5) of the Code of Civil Procedure (the Code) (735 ILCS 5/2—619(a)(5) (West 1998)), arguing that under section 13—214.3(d) of the Limitations Act (735 ILCS 5/13—214.3(d) (West 1994)), her cause of action was untimely because she was required to file her action on or before July 9, 1998, six months after Dopp's will was admitted to probate. Plaintiff responded that her cause of action against defendant had not yet accrued at that time because she had not yet suffered any actual damages and that her cause of action did not commence until her complaint for reformation was resolved. The trial court granted defendant's motion to dismiss.

## ANALYSIS

■ Plaintiff contends on appeal that the application of section 13—214.3(d), requiring her to file suit within six months after Dopp's will was admitted to probate, is inconsistent with the plain language of the statute and the legislative intent. The interpretation of a statute is a question of law, subject to *de novo* review. *Petersen v. Wallach*, 198 Ill. 2d 439, 444 (2002). The fundamental principle of statutory construction is to ascertain and give effect to the legislature's intent. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 503-04, 732 N.E.2d 528, 535 (2000). The language of the statute is the most reliable indicator of the legislature's objectives in enacting a particular law. *Nottage v. Jeka*, 172 Ill. 2d 386, 392, 667 N.E.2d 91, 93 (1996).

■ The statutory language must be given its plain and ordinary meaning, and where the language is clear and unambiguous, we must apply the statute without resort to further aids of statutory construction. *Petersen*, 198 Ill. 2d at 444-45. The court must not construe a statute to add exceptions or limitations or change the law set forth in the statute so as to depart from the statute's plain meaning. Moreover, words and phrases should not be construed in isolation, but must

be interpreted in light of other relevant provisions of the statute. *Antunes v. Sookhakitch*, 146 Ill. 2d 477, 484, 588 N.E.2d 1111, 1114 (1992).

With these principles in mind, we examine the Limitations Act as applied to legal malpractice claims. The Act provides in relevant part as follows:

> "(b) An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services *** must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.
>
> (c) Except as provided in subsection (d), an action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred.
>
> (d) When the injury caused by the act or omission does not occur until the death of the person for whom the professional services were rendered, the action may be commenced within 2 years after the date of the person's death *unless letters of office are issued or the person's will is admitted to probate within that 2 year period, in which case the action must be commenced within the time for filing claims against the estate or a petition contesting the validity of the will of the deceased person, whichever is later, as provided in the Probate Act of 1975.*" (Emphasis added.) 735 ILCS 5/13—214.3 (West 1994).[1]

Thus, generally the legislature provided for a two-year statute of limitation as set forth in subsection (b) and a six-year statute of repose as set forth in subsection (c). Plaintiff maintains that subsection (d) is triggered only in those instances when the six-year repose period has expired and would otherwise bar the plaintiff's claim for legal malpractice. Under her interpretation, because she filed her cause of action on August 18, 1999, prior to the running of the statute of repose as set forth in subsection (c), she maintains that her cause of action is timely.

Nothing in the statute conditions the application of subsection (d) on whether the repose period in subsection (c) has expired. Rather, the plain language of subsection (d) provides that it applies to all claims for legal malpractice "[w]hen the injury caused by the act or omission does not occur until the death of the person for whom the professional services were rendered." 735 ILCS 5/13—214.3(d) (West 1994). Ac-

---

[1]Public Act 89—7 (Pub. Act 89—7, eff. March 9, 1995) repealed subsection (d). However, the public act was held unconstitutional in its entirety by this court in *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 689 N.E.2d 1057 (1997). Therefore, the prior version of the statute remains in effect.

cordingly, a party may commence an action against an attorney up to two years after the death of the decedent client. However, if the will is admitted to probate or letters of office are issued within that two-year period, the malpractice action must be filed within the time to file a claim against the estate or to contest the validity of the will. *Petersen*, 198 Ill. 2d at 445; *Palmros v. Barcelona*, 284 Ill. App. 3d 642, 645, 672 N.E.2d 1245, 1247 (1996); *Witt v. Jones & Jones Law Offices, P.C.*, 269 Ill. App. 3d 540, 542, 646 N.E.2d 23, 25 (1995).

■ Here, Dopp's will was admitted to probate on January 9, 1998. Section 8—1 of the Probate Act of 1975 provides that "[w]ithin 6 months after the admission to probate of a domestic will ***, any interested person may file a petition *** to contest the validity of the will." 755 ILCS 5/8—1 (West 1998). Thus, the time for filing a petition contesting the validity of Dopp's will expired on July 9, 1998. As set forth in the certificate of publication issued pursuant to sections 18—12 and 18—3 of the Probate Act of 1975 (755 ILCS 5/18—12, 18—3 (West 1998)), the time for filing claims against Dopp's estate expired on July 19, 1998. Accordingly, under subsection (d) of the Limitations Act, her malpractice action had to be commenced no later than July 19, 1998. Consequently, her complaint filed on August 18, 1999, was untimely.

While we are cognizant that the effect on plaintiff in this case was to shorten the period of time in which she had to file her claim, "[w]e can neither restrict nor enlarge the meaning of an unambiguous statute." *Petersen*, 198 Ill. 2d at 448. Additionally, unlike a statute of limitation which is triggered when a cause of action accrues, the applicable provision in subsection (d) acts as a period of repose. *Goodman v. Harbor Market, Ltd.*, 278 Ill. App. 3d 684, 691, 663 N.E.2d 13, 18 (1995). Where the will has been admitted to probate or letters of office issued, the legislature intended to terminate the possibility of liability after a defined period of time, regardless of whether plaintiff's cause of action has accrued. The fact that a repose provision may, in a particular instance, bar an action before it is necessarily discovered is said to be "an accidental rather than necessary consequence." *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 424, 490 N.E.2d 665, 669 (1986).

■ Plaintiff next contends that section 13—214.3(d) is unconstitutional as applied because it violates her right to equal protection. Defendant initially argues that this argument has been waived as it was not raised before the trial court. Additionally, defendant argues that plaintiff failed to comply with the provisions of Supreme Court Rule 19 (134 Ill. 2d R. 19) requiring that notice be given to the Attorney General by any party questioning the constitutionality of a state statute in a proceeding where the Attorney General is not already a party.

However, waiver is a limitation on the parties and does not limit the jurisdiction of this court to address the issue. Where the issue is of constitutional dimensions and has been fully briefed and argued, we choose to address plaintiff's contention. See *Michigan Avenue National Bank*, 191 Ill. 2d at 518-19, 732 N.E.2d at 542.

■ The constitutional right to equal protection of the law guarantees that the State must treat similarly situated persons in a similar manner. *People v. Kimbrough*, 163 Ill. 2d 231, 237, 644 N.E.2d 1137, 1141 (1994). The guarantee of the equal protection clause prohibits the state from statutorily dividing persons into different classes and providing for different treatment of each class for reasons wholly unrelated to the purpose of the legislation. Where a statutory classification neither impinges on a fundamental constitutional right nor is based on a "suspect" class, a court will use the "rational basis" test to review the statute's validity. Under the rational basis test, the statutory classification is constitutional if it bears a rational basis to a legitimate state interest. *Kimbrough*, 163 Ill. 2d at 237, 644 N.E.2d at 1141.

■ Plaintiff argues that a person with a malpractice claim arising out of the preparation of a will, which is not admitted to probate, has two years to file suit, whereas if the will is admitted to probate the person has significantly less time to file his or her claim. We find that any distinction drawn by subsection (d) is rationally related to a legitimate governmental purpose. It reflects a policy of law intended to balance several different interests: it provides a claimant with a reasonable time after the decedent's death to pursue a cause of action; it balances the defendant's right to be free of stale claims; and it addresses the need for closure with respect to matters related to a decedent's estate as necessitated by the Probate Act. Therefore, the statute is not unconstitutional as applied.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HOFFMAN, P.J., and HARTMAN, J., concur.